UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| ANGELA BLACK,<br>7955 Trillium Court<br>Alexandria, Kentucky 41001<br><br>  Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br>2211 Congress Street<br>Portland, Maine 04122<br><br>  Defendant. | : : : : : : : : : : : : : : : : : | CASE NO.    1:22-cv-528<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR WRONGFUL TERMINATION OF LONG-TERM DISABILITY BENEFITS AND FOR TERMINATION OF LIFE INSURANCE COVERAGE WITH WAIVER OF PREMIUM (ERISA)** |

For her Complaint against Defendant, Unum Life Insurance Company of America ("Unum" or "Defendant"), Plaintiff Angela Black ("Plaintiff" or "Ms. Black") states as follows:

## INTRODUCTION

1. This action is brought by Angela Black ("Plaintiff") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA"). Plaintiff seeks to recover Long-Term Disability Insurance ("LTD") Benefits as well as life insurance coverage with a Waiver of Premium ("WOP Claim") due her under her ERISA-covered employee benefits plan or plans and/or under the group LTD and group life insurance

policies issued by Defendant Unum to her employer, TechSolve, Inc. ("TechSolve"), and for Defendant's other ERISA violations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331 in that the claim arises under the laws of the United States of America. Jurisdiction is conferred on this Court by 29 U.S.C. §1132(e)(1) and (f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an ERISA employee welfare benefit plan.

3. The ERISA statute at 29 U.S.C. §1133 provides a mechanism for administrative or internal appeal of benefit denials or terminations. In this case, those mechanisms have been exhausted and these matter are now properly before the Court for judicial review.

4. Venue is proper in this Court, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391, as Plaintiff was at all times relevant employed by TechSolve in the Southern District of Ohio and as Defendant Unum can be found in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff, Angela Black, is currently a resident of the Commonwealth of Kentucky and was a participant under the LTD and/or WOP Plans that her employer, TechSolve, Inc. ("TechSolve") provided to its employees under a group LTD policy (Group

Policy No. 662608 001) and under a group Life Insurance Premium Waiver Policy (Policy No. 369455), both issued to TechSolve by Unum. At all times relevant, Plaintiff was employed by TechSolve and worked at its offices located at 6705 Steger Drive, Cincinnati, Ohio 45237.

6. TechSolve was an employer doing business in the Southern District of Ohio and was Defendant Unum's policyholder as defined under ERISA for purposes of its group LTD and group life insurance Plans.

7. Plaintiff as an employee of TechSolve was eligible to participate in the TechSolve Group LTD Plan under the above referenced LTD policy issued by Unum and was also eligible for group life insurance coverage with a Waiver of Premium provision based on disability under the above referenced Life Insurance Premium Waiver Policy also issued by Unum (hereinafter the "Plan(s)" and/or "Policies").

8. Upon information and belief, Unum is the insurer of and the party obligated to pay LTD benefits to Plaintiff and to provide her with life insurance coverage with a waiver of premium under the Plans and/or Policies.

9. Upon information and belief, Unum was the sole entity responsible for determining whether Plaintiff qualified under the Plans and/or Policies for payment of LTD benefits and for life insurance coverage with waiver of premium. As such, Defendant Unum is the claim administrator and a fiduciary of the Plans for the purpose of determining LTD benefits payable and for the purpose of determining whether Plaintiff

qualified for life insurance coverage with a waiver of premium and is therefore a proper party under the present claims.

10. At all relevant times, Plaintiff was a beneficiary under the Plans and/or Policies and entitled to long-term disability benefits and to life insurance coverage with a waiver of premium thereunder.

11. At all relevant times herein, the administration of these Plans and/or Policies was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

**STATEMENT OF FACTS**

12. Plaintiff at all times relevant was employed by TechSolve as a Human Resource Specialist or manager.

13. As an employee of TechSolve, Plaintiff was eligible for both long-term disability insurance benefits and for life insurance coverage with a waiver of premium provision under the Plans and/or group Policies.

14. Plaintiff stopped working on or about April 25, 2020 due to symptoms associated with a number of medical conditions, including, but not necessarily limited to, peripheral positional vertigo, persistent postural-perceptual dizziness, and vestibular migraines.

15. After satisfying the waiting period specified in the aforementioned group LTD policy in early 2019, Plaintiff filed a claim for long-term disability benefits under the

TechSolve Group LTD Plan and/or group LTD Policy with Unum seeking payment of LTD benefits due to her ongoing debilitating health conditions.

16. Plaintiff was thereafter granted LTD benefits under the Plan and/or Policy by Unum and was concomitantly found eligible for life insurance benefits with a waiver of premium based on disability.

17. On September 30, 2021, however, Unum notified Plaintiff by letter that she no longer satisfied the Plan or Policy provisions and informed her that LTD benefits were no longer payable and that her claim was being closed as of October 1, 2021; on information and belief, Unum at that time or subsequently also notified Plaintiff that she was no longer eligible for life insurance coverage with a waiver of premium.

18. Plaintiff was a qualified participant under the Plans and/or Policies at the time of her medical separation from TechSolve.

19. Plaintiff timely appealed Unum's termination or discontinuation of LTD benefits and life waiver of premium coverage.

20. Plaintiff submitted a great deal of medical and non-medical documentation in support of her appeal and such documentation clearly established her ongoing eligibility for continued payment of LTD benefits and for continued life insurance coverage with a waiver of premium.

21. Defendant Unum unreasonably disregarded and/or ignored or otherwise gave no meaningful consideration to all such documentation submitted on appeal and

by letter dated July 8, 2022 informed Plaintiff that it was upholding its prior decisions to terminate both LTD and life waiver of premium coverage or benefits.

22. Defendant as both the administrator of the TechSolve plans and as the payor or provider of benefits under said plans had an inherent conflict of interest and said conflict of interest was a factor in its above referenced decisions.

23. Plaintiff has exhausted all administrative remedies and his claim is ripe for judicial review pursuant to 29 U.S.C. §1132.

**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132**

24. Plaintiff realleges paragraphs 1 through 23, as if fully rewritten herein.

25. Plaintiff at all times relevant has remained disabled under the terms of the Plans and/or Policies and is therefore entitled to continued payment of LTD benefits and to continued life insurance coverage with a waiver of premium.

26. Plaintiff was, and is, unable to perform the material duties of her own occupation and she cannot perform the material duties of any other occupation which her education, training, or experience would reasonably allow and/or as a practical matter is unable to perform any substantial gainful work of any type on a full-time basis.

27. Plaintiff is not reasonably expected to be able to perform the material duties of any full-time position of employment for which she is reasonably suited by virtue of her age, education or training, or of any other type of employment generally, and this will likely remain the case for the maximum duration of the Plans and/or Policies.

28. Defendant failed to meaningfully consider and/or to reasonably accord proper weight to the evidence in its administrative claim files showing that Plaintiff is disabled and thus eligible for continued payment of long-term disability benefits and for continued life insurance coverage with a waiver of premium based on her disability.

29. Defendant's decisions terminating or discontinuing payment of LTD benefits and terminating or discontinuing life insurance coverage with a waiver of premium based on disability under the Plans and/or Policies was erroneous, arbitrary, capricious, and an abuse of discretion.

30. Further, Defendant Unum's decisions to terminate or discontinue payment of LTD benefits and to terminate or discontinue life insurance coverage with a waiver of premium based on disability was not supported by substantial evidence in the record.

31. Plaintiff has complied with all conditions and/or conditions precedent of the Plans and/or Policies in question, and she has fully exhausted all of her administrative remedies.

32. As a direct and proximate result of the conduct of the Defendant in failing to continue to provide LTD benefits and life insurance coverage with a waiver of premium under the Plans and/or Policies, Plaintiff has been harmed and has suffered financial damages.

**WHEREFORE**, Plaintiff prays that she recover judgment in her favor against Defendant as follows:

1. That the Court find that she remains disabled and entitled to long-term disability benefits under the TechSolve Group LTD Plan and/or under the Group LTD Policy issued to TechSolve by Defendant Unum and that the Court find further that she remains disabled and therefore entitled to life insurance coverage with a waiver of premium based on disability under the TechSolve Group Life Insurance Plan and/or under the Group Life Insurance Policy issued to TechSolve by said Defendant;

2. That the Court order Defendant Unum to pay her a lump sum award of long-term disability benefits from October 1, 2021 to present and continuing, and also order Defendant Unum to provide her with ongoing life insurance coverage with a waiver of premium based on disability;

3. That the Court order Defendant Unum to reinstate and pay ongoing monthly LTD benefits to her under the Plans and/or Policies, and also order Defendant Unum to reinstate and maintain her life insurance coverage with a waiver of premium based on disability;

4. That the Court order Defendant Unum to pay pre-judgment and post-judgement interest;

5. That the Court award Plaintiff a reasonable sum for her attorney fees and costs under 29 U.S.C. 1132(g)(1); and

6. That the Court provide such other relief as it may deem just and proper.

        Respectfully submitted,

        /s/ Edward C. Ahlers
        Edward C. Ahlers (0014940)
        Crowley, Ahlers & Roth Co., L.P.A.
        600 Vine Street, Suite 908
        Cincinnati, OH 45202
        Phone: (513) 621-1652
        Fax:    (513) 621-8430
        E-Mail: eahlers@ohio-comp.com
        *Attorney for Plaintiff, Angela Black*